**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Pehr Erik Karlsson, et al., | No. CV-19-04510-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Ronn Motor Group Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs Carl Pehr Erik Karlsson and Håkan Melin's ("Plaintiffs") *ex parte* motions for extension of time for service (Doc. 15) and service by alternative means (Doc. 16). Plaintiffs previously received an extension of time to serve Defendants Ronnal Maxwell Ford and Jane Doe Ford ("Defendants") (Doc. 14) but have still been unable to properly serve them.[1] For the following reasons, the Court will grant both motions.

On June 20, 2019, Plaintiffs initiated this action. (Doc. 1.) Plaintiffs allege they were fraudulently induced to invest in securities offered by Defendants. (*Id.* ¶ 15.) Defendants' company, Ronn Motor Group, was raising capital for the manufacture of hydrogen or electric powered automobiles. (*Id.* ¶¶ 23-24.) In exchange for promissory notes and stock options, Plaintiffs transferred a total of $116,250 to Defendants. (*Id.* ¶¶ 27, 29.) When those promissory notes matured, however, Plaintiffs were never transferred cash or common shares in the company. (*Id.* ¶¶ 33-36.) Demands for payment went

---
[1] The corporate defendant in this case, Ronn Motor Group, Inc., has received notice. (Doc. 11 at 1-2.)

unanswered. (*Id.* ¶¶ 37-41.) As a result, Plaintiffs brought claims for breach of contract, unjust enrichment, breach of the covenants of good faith and fair dealing, fraudulent inducement, intentional misrepresentation, negligent misrepresentation, and fraud in connection with the sale of securities. (*Id.* at 8-17.) Summonses were issued on June 24, 2019. (Doc. 8.)

On September 5, 2019, Plaintiffs applied for an entry of default against Ronn Motor Group, the corporate defendant in this case. (Doc. 11.) Ronn Motor Group had failed to respond to the summons, despite its registered agent receiving the summons and complaint on July 8, 2019. (*Id.* at 1-2.) The next day, the Clerk entered default against Ronn Motor Group. (Doc. 12.)

On September 20, 2019, Plaintiffs moved to extend the time to serve Defendants. (Doc. 13.) Plaintiffs indicated they had "undertaken a great deal of due diligence" yet had been unable to find and serve Defendants. (*Id.* at 1-2.) Thus, Plaintiffs requested an additional 90 days to complete service of process. (*Id.* at 2.) The Court granted that request in a text-only docket entry on September 23, 2019. (Doc. 14.)

In their current motions, Plaintiffs state they are still unable to locate Defendants. (Doc. 16 at 3.) They again ask the Court to extend the time to effectuate service and also ask the Court to authorize service by alternative means. (Docs. 15, 16.)

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." *See also* Fed. R. Civ. P. 6(b)(1)(A) (court may extend time for good cause if a request is made before the deadline expires). Indeed, district courts have "broad" (but not "limitless") discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Court finds that Plaintiffs have shown good cause. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) ("[T]he provisions of Rule 4 should be given a liberal and flexible construction."). Plaintiffs, despite hiring a private investigator, have been unable to identify a residential address for Defendants, which prevents them from serving

Defendants at home. (Doc. 16 at 3.) Nor have Plaintiffs been able to effectuate service at Ford's place of business—the address provided for Ronn Motor Group leads to "a lady in the office" who informed the process server that "Ford shares an office with her however she rarely sees him as he travels to China for business all the time." (Doc. 13-1 at 5.)

In conjunction with their request for more time, Plaintiffs ask the Court to authorize alternative service. (Doc. 16.) Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. *See also* Ariz. R. Civ. P. 4.2(b) (authorizing service outside of Arizona in the same manner as Rule 4.1, which governs service within Arizona). Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served— order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading

being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

It is unclear whether Plaintiffs seek permission to serve Defendants by publication or whether they seek permission to serve by alternative means. (Doc. 16 at 1, 4.) Plaintiffs, at times, style their request as a request for service by publication under Rule 4.1(l) of the Arizona Rules. (*Id.*) To obtain permission to serve by publication under Rule 4.1(l), "a party must file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service. A 'due diligent effort' requires such pointed measures as an examination of telephone company records, utility company records, and records maintained by the county treasurer, county recorder, or similar record keepers." *Sprang v. Petersen Lumber, Inc.*, 798 P.2d 395, 399 (Ariz. Ct. App. 1990). That said, Plaintiffs' motion concludes by stating that "[a] Proposed Order granting this Motion with delivering the complaint via certified mail to Defendant Ronnal Ford's verified place of business, statutory agent for Ronn Motor Group, Inc., and Defendant Ron Ford's potential counsel . . . is lodged herewith." (Doc. 16 at 4.) It appears, then, that Plaintiffs seek to effectuate service by mailing the complaint to others who may have contact with Defendants, rather than by publishing notice in a newspaper. This form of alternative service may be authorized under Rule 4.1(k) of the Arizona Rules. *See, e.g., Blair v. Burgener*, 245 P.3d 898, 901, 906 (Ariz. Ct. App. 2010) (concluding that "leaving copies of the required documents with a woman working at the front desk of the [served party's] office" was adequate alternative service.)

The Court will construe Plaintiffs' motion as seeking service by alternative means, rather than by publication.[2] Rule 4.1(k) requires a showing of impracticability. Impracticability in this context "requires something less than the 'due diligence' showing required before service by publication may be utilized." *Blair*, 245 P.3d at 903. Moreover, "the showing for alternative service requires something less than a complete inability to

---

[2] Construing the motion in this manner also avoids the problem that service by publication may not be the most practicable solution. *See, e.g., Ruffino v. Lokosky*, 425 P.3d 1108, 1113 (Ariz. Ct. App. 2018) (rejecting the use of notice by publication because viable methods of alternative service existed).

- 4 -

serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Id.* at 904. Thus, in the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

Here, Plaintiffs have attempted service on Defendants at Ronnal Ford's place of business six times. (Doc. 16 at 3.) Each time, the process server has been rebuffed. (*Id.*) It is impractical to continue attempting to personally serve Defendants at their place of business—Defendants are not there.

Plaintiffs have also demonstrated that personal service at Defendants' residence is impractical. Plaintiffs have been unable to locate a residential address for Defendants. (*Id.*) Even after Plaintiffs hired a private investigator, Defendants are nowhere to be found. (*Id.*) The investigator also concluded that Defendants are using aliases, P.O. boxes, and fake phone numbers to avoid detection. (*Id.*) In other words, Plaintiffs have gone to significant lengths to find Defendants. Further searching seems "extremely difficult or inconvenient." *Blair*, 245 P.3d at 904 (internal quotation omitted). *See also Barber v. Lilly*, 2013 WL 5498245, *3 (D. Ariz. 2013) ("Plaintiff made a dozen or so unsuccessful attempts to personally serve the Defendants at the Lillys' place of business and their current residence. Plaintiff has demonstrated that her continued efforts to serve Defendants by traditional means are impracticable within the meaning of Rule 4.1(k)."); *Composite Industrie S.A. v. Vision Air Am., Inc.*, 2014 WL 1230492, *2 (D. Ariz. 2014) (traditional service impracticable where process server attempted service at defendant's home three times and at his business twice and evidence of evasion was present).

Although some form of alternative service is warranted here, only one of Plaintiffs' suggestions is appropriate. Plaintiffs have made clear that Defendants cannot be found at Ronnal Ford's place of business. Delivering service there seems futile. The Court also will not grant Plaintiffs' request to provide notice to Defendants' "potential counsel." Aside from one voicemail, there is no evidence that Scott Lawler is acting as counsel for Defendants. Whatever may be going on between Defendants and Lawler, the Court is

unwilling, of its own accord, to assume an attorney-client relationship where there may not be one.

Thus, the most logical point of service is on the registered agent for Ronn Motor Group. Plaintiffs have successfully served the company previously (Doc. 11-1). If anyone knows the whereabouts of Defendants, the registered agent is the best bet.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs' motion for extension of time to effectuate service (Doc. 15) is **granted in part**. Plaintiffs will have 14 days from this Order to serve Defendants.

(2) Plaintiffs' motion for leave to effectuate service through alternative means (Doc. 16) is **granted**. Service may be completed and will be considered effective by sending the summons, the original complaint (Doc. 1), and Doc. 4 through USPS certified mail addressed to Ronn Motor Group's registered agent at 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.

(3) The date of effective service shall be deemed the date on which Plaintiffs deliver the mailing into the possession of the United States Postal Service for delivery (*i.e.,* after the documents are placed in the mail).

Dated this 21st day of January, 2020.

Dominic W. Lanza
United States District Judge